NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3476
_____

UNITED STATES OF AMERICA

v.

JOSEPH COBB, a/k/a Gump,

Joseph Cobb,  Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 91-cr-00570-13)
District Judge:  Hon. Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
June 22, 2011

Before:  CHAGARES, JORDAN and GREENAWAY, JR., *Circuit Judges*.

(Filed: June 23, 2011)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Joseph Cobb appeals the orders of the United States District Court for the Eastern

District of Pennsylvania denying his Motion for Reduction of Sentence and his Motion

for Reconsideration.[1]  For the following reasons, we will affirm.

## I.    Background

On October 26, 1992, Cobb was sentenced to 360 months' imprisonment pursuant to a July 10, 1992 conviction for conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 846.  Cobb's conviction and sentence were affirmed by this Court on January 10, 1994.  *United States v. Price*, 13 F.3d 711, 731-32, 734 (3d Cir. 1994).  On March 17, 1997, Cobb filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (the "1997 Motion") in light of Amendment 505 to the Sentencing Guidelines, which reduced the maximum base offense level for any drug offense.  U.S. SENTENCING GUIDELINES app. C., amend. 505 (Nov. 1, 1994).  The District Court denied the motion on May 20, 1997 (the "1997 Decision") holding that, due to "the nature and circumstances of the defendant," a reduction was not warranted.  (Supp. App. at 7.)  We affirmed that decision on November 17, 1997.  *United States v. Cobb*, 133 F.3d 911 (3d Cir. 1997) (table decision).

On September 25, 2008, Cobb filed a second motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (the "2008 Motion"), again arguing that he was entitled to a reduction of sentence in light of Amendment 505.  The District Court denied that motion on April 22, 2009 (the "2009 Decision"), holding that, because the 2008

---

[1] It is not clear from Cobb's notice of appeal whether he is appealing only the denial of the Motion for Reduction of Sentence or whether he also appeals the denial of his Motion for Reconsideration.  We assume, for purposes of this opinion, that he is appealing both.

Motion was substantively identical to the 1997 Motion, Cobb was "procedurally barred from bringing [the 2008 Motion] because of the law of the case doctrine" and further holding that Cobb had not demonstrated any of the extraordinary circumstances that warrant an exception to that doctrine.[2] (App. at 5A.)

On May 4, 2009, Cobb filed an application for a 30-day extension of time to file a motion for reconsideration, which the District Court granted. On June 4, 2009, Cobb filed a motion for reconsideration. The District Court denied the motion for reconsideration on August 14, 2009, and, on August 24, 2009, Cobb filed his notice of appeal.

## II.    Discussion

### A.    *Jurisdiction*

As a threshold matter, we address whether we have jurisdiction to consider Cobb's appeal. Under the Federal Rules of Appellate Procedure in effect at the time, Cobb's notice of appeal had to be filed within 10 days of the order being appealed, excluding weekends and holidays. FED. R. APP. P. 4(b)(1)(A)(i), 26(a)(1) (2008).[3] The

---

[2] The District Court also explained that, even if the 2008 Motion could be considered, Amendment 505 did not warrant a sentence reduction because its application would still result in a Guidelines range of 292-365 months and "the nature and circumstances of [Cobb's] history and offenses … militate[d] against a sentence reduction when the current sentence [of 360 months was] still within the appropriate guideline range even after application of Amendment 505." (App. at 13A-14A.)

[3] As of December 1, 2009, the rules have been amended to allow 14 days, including weekends and holidays. *See* FED. R. APP. P. 4(b)(1)(A)(i), 26(a)(1).

3

District Court's order denying the 2008 Motion was entered on April 22, 2009, leaving

May 6, 2009 as the expiration of the 10-day period. Cobb did not file a notice of appeal

by May 6, 2009, but did file a motion for an extension of time on May 4, 2009, and, after

that was granted, a motion for reconsideration on June 4, 2009. The Supreme Court has

held that a timely motion for reconsideration in a criminal case renders an otherwise final

order "'nonfinal for purposes of appeal for as long as the petition is pending.'" *United

States v. Ibarra*, 502 U.S. 1, 6 (1991) (quoting *United States v. Dieter*, 429 U.S. 6, 8

(1976)). It is an open question, however, whether that rule applies when the motion for

reconsideration is not filed within the original period for appeal, but still within the time

allowed by a court order.[4] *See United States v. Healy*, 376 U.S. 75, 78-79 (1964)

(explaining "that a rehearing petition, *at least when filed within the original period for

review*, may also extend the time for filing a petition for certiorari" and that "no

difference in treatment is intended between appealable judgments and those reviewable

by certiorari" (emphasis added)).

Nonetheless, because both Cobb and the government assert that we have

jurisdiction to hear this appeal, and because the time for appeal in a criminal case is

---

[4] Our decision in *Lizardo v. United States*, 619 F.3d 273 (3d Cir. 2010), cannot guide us here. There we held that "an untimely Rule 59(e) motion, even one that was not objected to in the district court, does not toll the time to file a notice of appeal." *Id.* at 280. *Lizardo* was a civil case in which the time limits were jurisdictional and could not be waived, whereas this is a criminal case in which the time limits are "rule-based," "not jurisdictional," and "may be waived." *Id.* at 277 (internal quotation marks omitted). Furthermore, the late motion for reconsideration in *Lizardo* had not been made pursuant to a court ordered extension of time, as is the case here.

4

non-jurisdictional and may be waived, we assume, without deciding, that the rule of *Ibarra*, *Dieter*, and *Healy* applies here. *See Bowles v. Russell*, 551 U.S. 205, 212 (2007) (contrasting the jurisdictional "statute-based filing period for civil cases" with the "rule-based time limit for criminal cases," which "are not jurisdictional" and "may be waived"); *Lizardo v. United States*, 619 F.3d 273, 277 (3d Cir. 2010) ("[T]he rule based time limit for criminal cases," "should not be treated as [a] jurisdictional[] rule." (internal quotation marks omitted)); *see also United States v. Rollins*, 607 F.3d 500, 501 (7th Cir. 2010) (applying *Ibarra* after explaining that "although the time limit for a civil appeal is jurisdictional, the time limit for a criminal appeal is not" (internal citations omitted)). Thus, because Cobb's notice of appeal was filed on August 24, 2009, 10 days after the District Court's August 14, 2009 denial of his motion for reconsideration, the notice of appeal was timely, and we have jurisdiction to hear Cobb's appeal.

   B.     *Standard of Review*

   Whether the law of the case doctrine or one of its exceptions applies is subject to plenary review. *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 988 F.2d 414, 429 (3d Cir. 1993). Because the "doctrine does not limit a federal court's power," but, "rather, … directs its exercise of discretion," *Public Interest Research Grp. of N.J. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997), we review the District Court's application of the doctrine for an abuse of discretion, *Coca-Cola*, 988 F.2d at 429. We review the denial of a motion for reconsideration for abuse of discretion,

reviewing the underlying legal determinations de novo and the factual findings for clear error. *Howard Hess Dental Labs. v. Dentsply Int'l*, 602 F.3d 237, 246 (3d Cir. 2010).

C. *The Motions for Reduction of Sentence and Reconsideration*

"The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *Public Interest Research Grp.*, 123 F.3d at 116. We agree with the District Court that it applies here. Cobb's 1997 Motion asked for a reduction of sentence based on Amendment 505, which retroactively lowered the maximum offense level for drug offenses. The District Court denied that motion, finding that "[n]o reduction of sentence [was] warranted considering the nature and circumstances of defendant" (Supp. App. at 7), and we affirmed. *Cobb*, 133 F.3d 911 (table). Cobb's 2008 Motion raises the same issue, asking for retroactive application of Amendment 505 to reduce his sentence. Because that issue has already been resolved, the law of the case doctrine applies, and Cobb's 2008 Motion can be considered only under "extraordinary circumstances." *Public Interest Research Grp.*, 123 F.3d at 116-17. Those "include situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Id.* at 117.

On appeal, Cobb argues only that the District Court's 2009 Decision contained erroneous findings of fact. We need not consider whether Cobb is correct that the 2009 Decision contains erroneous findings because errors in the 2009 Decision are not germane to whether "the earlier decision [i.e., the 1997 Decision] was clearly erroneous

6

and would create manifest injustice." *Public Interest Research Grp.*, 123 F.3d at 117.

Cobb has not suggested that any of the alleged errors made in the 2009 Decision were

likewise present in the 1997 Decision, and they are not. In fact, on appeal, Cobb makes

no argument pertaining to the 1997 Decision whatsoever. Consequently, there is no basis

on which to find that any extraordinary circumstances warrant reconsideration of the

1997 Decision, and the District Court's order must be affirmed.[5]

     With respect to the motion for reconsideration, Cobb's only argument is that the

District Court "continu[ed] to rely on facts that were in error." (Appellant Op. Br. at 15.)

As discussed above, any errors in the District Court's 2009 Decision are not relevant to

whether the 1997 Decision was "clearly erroneous." Consequently, we will also affirm

---

[5] The 2008 Motion also appears to argue, separate from the Amendment 505 claim, that Cobb's sentence should be reduced because it "was inappropriately enhanced 2 levels" as a result of two prior firearm convictions identified in his Presentence Investigation Report (the "PSR"), which Cobb claims never occurred. (Supp. App. at 9.) That issue was also part of the 1997 Motion. We question how an objection to the PSR can be raised either now or as part of the 1997 Motion, given the requirement for "objections to material information" in the PSR to be made "[w]ithin 14 days," FED. R. CRIM. P. 32(f)(1), particularly when the objection does not appear to have been raised by Cobb during his direct appeal, *Price*, 13 F.3d at 732-34 (addressing two codefendant's objections to firearm enhancements but making no mention of Cobb having raised a similar objection). Even assuming that the issue could be considered when not timely, however, it was already raised in the 1997 Motion and, thus, like the Amendment 505 claim, is subject to the law of the case doctrine and can be reconsidered only if Cobb shows extraordinary circumstances. Cobb has failed to make any such showing. The original PSR plainly identifies two prior firearm convictions. Cobb's only basis for challenging the PSR is to assert that it is wrong and that he can prove that it is wrong. He offers no evidence to support those bare assertions, however. Consequently, he has failed to show extraordinary circumstances, and the law of the case doctrine prevents reconsideration of the 2-level enhancement.

the District Court's denial of the motion for reconsideration.

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's denial of Cobb's

Motion for Reduction of Sentence and his Motion for Reconsideration.