GLD-149                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4417
_____

RICHARD ANTHONY PRYCE,
                                                        Appellant
v.

WILLIAM A. SCISM, Warden of Allenwood L.S.C.I.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-01680)
District Judge:  Honorable John E. Jones, III
_____

Submitted For Possible Dismissal Due To A Jurisdictional Defect
and For Possible Summary Action Pursuant To Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2012

Before:  FUENTES, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: April 27, 2012 )
_____

OPINION
_____

PER CURIAM

Richard Anthony Pryce appeals from the order of the United States District Court

for the Middle District of Pennsylvania denying his motion for reconsideration of the

order denying his habeas petition.  We will affirm the District Court's order.

Pryce currently is a federal inmate confined at the D. Ray James Correctional

Institution in Folkston, Georgia.  In August 2010, while an inmate at the Low Security

Correctional Institution Allenwood in White Deer, Pennsylvania, Pryce filed a pro se

habeas petition pursuant to 28 U.S.C. § 2241to challenge the validity of his sentence.

Citing <u>Chambers v. United States</u>, 555 U.S. 122 (2009), <u>Begay v. United States</u>, 553 U.S.

137 (2008), and <u>United States v. Rodriquez</u>, 553 U.S. 377 (2008), Pryce claimed that his

prior drug convictions in Massachusetts should not have been considered to enhance his

federal sentence, and that he is actually innocent of being a career offender.

The government responded to Pryce's section 2241 habeas petition by noting

Pryce's  prior unsuccessful challenge to his conviction and sentence by way of a motion

under 28 U.S.C. § 2255, filed in 2006.[1]  The government argued that Pryce cannot

disregard the restrictions on filing successive section 2255 motions by challenging his

conviction under section 2241, and that Pryce's claim did not fall within the narrow

exception for proceeding under section 2241.  Accordingly, the government argued that

that Pryce's section 2241 petition should be dismissed for lack of jurisdiction.

On January 6, 2011,  the District Court dismissed Pryce's section 2241 petition for

lack of jurisdiction, concluding that Pryce had failed to show that section 2255 affords an

inadequate or ineffective remedy.  Pryce did not appeal this decision at that time.

Instead, on March 11, 2011, Pryce filed a motion for reconsideration of the

District Court's dismissal of the section 2241 petition, as well as a supporting

---

[1] The sentencing court was the United States District Court for the Southern District of
New York, which denied Pryce's section 2255 motion in 2007.

memorandum. He asserted that the District Court had overlooked the issue of whether his Massachusetts convictions qualified him for sentence enhancement in light of Rodriquez, and that reconsideration was warranted on his "actual innocence" claim. On November 2, 2011, the District Court denied the motion. The Court explained that the motion was untimely, noting that Pryce had fourteen days under Middle District Local Rule 7.10 to seek reconsideration, and that he had twenty-eight days under Federal Rule of Civil Procedure 59(e) to file a motion to alter or amend a judgment.[2] Observing that the certificate of service attached to Pryce's memorandum indicates a March 8, 2011 date of delivery to prison officials for mailing, the District Court concluded that the motion was untimely. The District Court also determined that, even if the motion were timely filed, there was no basis for reconsideration of the dismissal of the habeas petition. Pryce then filed a notice of appeal, with a certificate of service dated December 2, 2011.

At the outset, we consider the scope of our jurisdiction.[3] We lack jurisdiction to review the underlying January 6, 2011 order dismissing the section 2241 petition. Pryce's notice of appeal was not timely filed as to that order. See Fed. R. App. P. 4(a)(1)(B) (sixty days to appeal). Pryce's motion was untimely under Rule 59(e) and

---

[2] We note that Middle District Local Rule 7.10 provides that its terms do not apply to motions filed pursuant to Rule 59. We conclude Pryce's post-judgment motion was filed pursuant to Rule 59(e).

[3] The parties were advised that the appeal would be submitted for possible dismissal for lack of appellate jurisdiction, but no jurisdictional responses have been received.

did not toll the time to appeal the underlying order.  See Lizardo v. United States,

619 F.3d 273, 280 (3d Cir. 2010).

In his notice of appeal, Pryce indicates his intent to appeal from the order denying

his motion for reconsideration.  We have appellate jurisdiction under 28 U.S.C. § 1291 to

review that order.  See Long v. Atlantic City Police Dep't, --- F.3d ---, 2012 WL 432276

*7 and n.19 (3d Cir. Feb. 13, 2012); Lizardo, 619 F.3d at 277 (untimely Rule 59(e)

motion is no longer considered to be a nullity).  We review the order for abuse of

discretion.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

As the District Court noted, Pryce's motion was untimely under Federal Rule of

Civil Procedure 59(e).[4]  Moreover, the purpose of a motion for reconsideration is to

correct a manifest error of law or fact or to present newly discovered evidence. See

Lazaridis, 591 F.3d at 669.  See also Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros,

176 F.3d 669, 677 (3d Cir. 1999) (explaining that party seeking reconsideration must

show intervening change in controlling law, availability of new evidence, or need to

correct clear error of law or fact or to prevent manifest injustice).  In support of his

motion, Pryce argued that the District Court had overlooked his substantive arguments

disputing the applicability of the career criminal enhancement to his sentence.  Given that

---

[4] Pryce filed a notice of change of address in the District Court on January 18, 2011, and the next day the District Court re-mailed its memorandum and order dismissing the habeas petition.  Even if this later date were substituted for the date on which the District Court's dismissal order was entered, Pryce's motion for reconsideration, dated February 24, 2011 and accompanied by a memorandum and certificate of service dated March 8, 2011, was still untimely under Rule 59(e).

4

Pryce's motion for reconsideration was untimely and merely reiterated his previous arguments in support of his section 2241 petition, we discern no abuse of discretion in the District Court's denial of Pryce's motion.

Based on the foregoing, we conclude that no substantial question is presented in this appeal, and that summary action is appropriate. <u>See</u> Third Circuit LAR 27.4. Accordingly, we will summarily affirm the District Court's order denying Pryce's motion for reconsideration. <u>See</u> Third Circuit I.O.P. 10.6.