BLD-253                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2550
_____

PATRICK D. TILLIO, SR.,

Appellant

v.

JOE RODRIGUZ; VINCENT'S HARWOOD FLOORING
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 12-cv-01170)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2012
Before:  SCIRICA, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: August 23, 2012)
_____

OPINION
_____

PER CURIAM

    Appellant Patrick Daniel Tillio, Sr., appeals pro se and *in forma pauperis* from the

District Court's order denying his motion for reconsideration.  For the reasons set forth

below, we will summarily affirm the District Court's order.

Tillio filed a complaint in the District Court against Joe Rodriguz and Vincent's Hardwood Flooring. By order entered March 9, 2012, the District Court dismissed Tillio's "rambling and unclear" complaint without prejudice and gave leave to amend within 30 days. Pursuant to the Court's order, the case was to terminate after 30 days if Tillio failed to file an amended complaint. On May 17, 2012, Tillio filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), which the district court denied as untimely in an order entered May 18, 2012. Tillio filed a notice of appeal on May 29, 2012.

To the extent Tillio seeks review of the District Court's order denying the motion for reconsideration, we have jurisdiction over the appeal pursuant to: 28 U.S.C. § 1291.[1] We review the denial of a motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). A litigant has 28 days from the entry of the order being challenged in which to file a motion for reconsideration. See Fed. R. Civ. Pro. 59(e). Because the Rule 59(e) motion was filed more than 28 days after the final order, the District Court did not abuse its discretion in denying it as untimely. We will therefore summarily affirm the District Court's order entered May 18, 2012.

[1] We lack jurisdiction to review the dismissal of the complaint. While a timely Rule 59(e) motion tolls the time for appeal until the District Court's disposition of the motion, an untimely Rule 59(e) motion has no tolling effect. See Fed. R. App. P. 4(a)(4)(A); Lizardo v. United States, 619 F.3d 273, 280 (3d Cir. 2010). As Tillio did not file an amended complaint, the order of dismissal became final after 30 days. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (order of dismissal becomes final after 30 days where plaintiff fails to file amended petition and thereby elects to stand on his complaint). Tillio filed a notice of appeal more than 30 days after the final order, but within 30 days of the order denying the motion for reconsideration. See Fed. R. App. P. 4(a). Accordingly, our jurisdiction extends only to the District Court's order denying Tillio's motion for reconsideration.