OPINION
(August 10, 2010)
SMITH, Circuit Judge
Juan Francisco Lizardo was convicted of various drug crimes in the District of the Virgin Islands. He later petitioned for relief under 28 U.S.C. § 2255. The District Court denied his petition and he sought and received a certificate of appealability to this Court.[1] Three issues were *830 certified for appeal, but the first is dispositive: whether Lizardo’s untimely motion for reconsideration, see FED. R. Civ. R 59(e), tolled the time for filing a notice of appeal, see Fed. R. App. P. 4(a)(4)(A).[2]
Rule 59(e)[3] is a claim-processing rule. Accordingly, a timeliness objection to a motion brought under that rule may be forfeited if it is not raised in the district court. In this case, Lizardo’s untimely Rule 59(e) motion was decided, without objection, by the District Court. The Government, therefore, forfeited any timeliness objection it could have made at that stage of the litigation. The forfeiture in the District Court, however, did not render the Rule 59(e) motion timely for purposes of Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure.[4] The Government is free to challenge Lizardo’s reliance on Rule 4(a)(4)(A)’s tolling provision — which requires that the underlying Rule 59(e) motion that initiated the tolling have been timely filed, Fed. R. App. P. 4(a)(4)(A) — in this Court. As such, the Government’s challenge in this Court to Lizardo’s invocation of Rule 4(a)(4)(A)’s tolling provision is meritorious. Without the benefit of tolling, Lizardo’s notice of appeal was untimely and his appeal must be dismissed for lack of jurisdiction. See FED. R. App. P. 4(a)(1)(B).
I.
Lizardo was convicted of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846, conspiracy to import cocaine into the United States, id. § 963, and possession with intent to distribute, id. § 841(a)(1). On August 16, 2002, Lizardo moved to vacate his sentence under 28 U.S.C. § 2255. The District Court denied the petition on January 25, 2008. On February 29, 2008, Lizardo sought reconsideration, which was denied on March 17, 2008. A few weeks later, on April 7, 2008, Lizardo filed his notice of appeal, challenging the denial of his motion for *831 reconsideration and his § 2255 petition. On May 16, 2008, Lizardo sought a certificate of appealability from this Court. We granted one on September 29, 2008.[5]
In a civil case involving the United States, a notice of appeal must be filed within 60 days after the judgment or order appealed from is entered. Fed. R. App. R 4(a)(1)(B). In some circumstances, where a party has timely filed a post-judgment motion in the district court, the deadline for filing a notice of appeal may be tolled until that motion has been decided:
(4) Effect of a Motion on a Notice of Appeal.
(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
(i) for judgment under Rule 50(b);
(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
(iii) for attorney’s fees under Rule 54 if the district court extends the time to appeal under Rule 58;
(iv) to alter or amend the judgment under Rule 59;
(v) for a new trial under Rule 59; or
(vi) for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.
Fed. R. App. P. 4(a)(4). At the time relevant to this appeal, Rule 59(b) required a party seeking reconsideration of an order to file its Rule 59(e) motion within ten days of that order. Fed. R. Civ. P. 59(b).
In Lizardo’s case, the following timeline of events unfolded:
January 25, 2008 The District Court denied Lizardo’s § 2255 petition.
February 8, 2008 Deadline for filing a motion for reconsideration under Rule 59(e) (ten days from the January 25,2008 order).
*832 February 29, 2008 Lizardo moved for reconsideration under Rule 59(e).
March 17, 2008 The District Court denied Lizardo’s motion for reconsideration.
March 25, 2008 If .there is no tolling under Rule 4(a)(4)(A), then the time for filing a notice of appeal expires (60 days from the January 25, 2008 order).
April 7,2008 Lizardo filed a notice of appeal to this Court.
May 16, 2008 If there is tolling under Rule 4(a)(4)(A), then the time for filing a notice of appeal expires (60 days from the March 17, 2008 order).
If Lizardo’s motion for reconsideration tolled the time for filing a notice of appeal, his notice of appeal was timely. If it did not, his notice of appeal was untimely and we lack jurisdiction. Fed. R. App. P. 4(a)(1)(B); 28 U.S.C. § 2107(b); see Bowles v. Russell, 551 U.S. 205, 212-13, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007) (explaining that procedural rules grounded in statutes are jurisdictional).
Lizardo argues that the Government waived its right to object to the tolling of the notice of appeal deadline because it did not object to his untimely Rule 59(e) motion in the District Court.[6] The “question [of] whether [Lizardo]’s notice of appeal was timely is a question of law over which we exercise plenary review.” DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 213 (3d Cir. 2007).
Rule 59(e) is a claim-processing rule, not a jurisdictional rule, so objections based on the timeliness requirement of that rule may be forfeited. But the forfeiture of a timeliness objection in the district court does not render an untimely motion timely for purposes of Rule *833 4(a)(4)(A) in this Court. As such, the Government’s failure to object to Lizardo’s untimely Rule 59(e) motion in the District Court did not foreclose its ability to challenge the timeliness of that motion for the purposes of tolling under Rule 4(a)(4)(A).
A.
Lizardo’s Rule 59(e) motion was untimely. He filed his motion for reconsideration over a month after the District Court denied his § 2255 petition, well after the ten days provided by the rule. Fed. R. Civ. P. 59(b). The Government did not object to Lizardo’s motion as untimely and the District Court denied the motion on the merits.
Under our pre-Bowles precedent, “any substantive action a court t[ook] on an untimely motion [would have been deemed] a nullity.” Smith v. Evans, 853 F.2d 155, 159 (3d Cir. 1988) (internal quotation marks omitted). Thus, “[a]n untimely motion, even if acted upon by the district court, [could not] toll the time for filing a notice of appeal,” id. at 157. We reached these conclusions based on our understanding that a “Rule 59(e) motion must be served within ten days of entry of judgment” because “[t]he ten day period is jurisdictional, and cannot be extended in the discretion of the district court.” Id. (internal quotation marks omitted). Were we to follow this approach, we would dismiss Lizardo’s appeal for lack of jurisdiction because Rule 59(e)’s ten day time limit, applied as a jurisdictional rule, would have rendered the motion for reconsideration a nullity. Lizardo would not be able to invoke Rule 4(a)(4)(A)’s tolling provision and his notice of appeal would be untimely. While the result we reach today is the same, we can no longer treat Rule 59(e) as a jurisdictional rule, nor view Lizardo’s untimely motion for reconsideration as a nullity.
 What constitutes a jurisdictional rule has undergone significant change in recent years. The Supreme Court’s decisions in Bowles, Eberhart v. United States, 546 U.S. 12, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005) (per curiam), and Kontrick v. Ryan, 540 U.S. 443, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004), require us to depart from our pre-Bowles approach.[7] Rule 59(e) can no longer be deemed a jurisdictional rule. The *834 Bowles Court explained that time limits that are not based on a statute, such as the one governing Rule 59(e), are not jurisdictional rules, but claim-processing rules. See Bowles, 551 U.S. at 210-11. “[Sjtatute-based filing period[s],” on the other hand, are jurisdictional. Id. at 212. Compare id. at 213 (holding that failure to file notice of appeal in accordance with 28 U.S.C. § 2107(c) and Rule 4(a)(6) resulted in an error of “jurisdictional magnitude”), with Kontrick, 540 U.S. at 452-56 (holding that Rule 4004 of the Federal Rules of Bankruptcy Procedure was not jurisdictional in part because it was not grounded in a statute).
According to Bowles, “court-promulgated rules,” 551 U.S. at 211-12, are distinct from “limits enacted by Congress,” and should not be treated as jurisdictional rules, id. at 212. For example, “the rule-based time limit for criminal cases,” a court-promulgated rule, “may be waived because ‘. . . procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion . . . .’ ” Id. (quoting Schacht v. United States, 398 U.S. 58, 64, 90 S. Ct. 1555, 26 L. Ed. 2d 44 (1970)). Similarly, Rule 4004 of the Federal Rules of Bankruptcy Procedure, a rule that sets a deadline for objecting to a debtor’s discharge, FED. R. Bankr. P. 4004, was deemed a claim-processing rule, and did not affect a court’s jurisdiction. Kontrick, 540 U.S. at 452-56.
Rule 59(e) is akin to Rule 4004 of the Federal Rules of Bankruptcy Procedure. Both rules were promulgated by the Supreme Court under the Rules Enabling Act. Compare 28 U.S.C. §§ 2071-2072 (Rule 59), with 28 U.S.C. § 2075 (Rule 4004). Neither rule extends or limits the jurisdiction of the courts. Kontrick, 540 U.S. at 453 (noting that “it is axiomatic that [rules promulgated under the Rules Enabling Act] do not create or withdraw federal jurisdiction”) (internal quotation marks omitted). Compare FED. R. BANKR. P. 9030 (“The[] [Federal Rules of Bankruptcy Procedure] shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein.”), with Fed. R. Civ. P. 82 (“The[] [Federal Rules of Civil Procedure] do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.”). Therefore, like Bankruptcy Rule 4004, Rule 59(e)’s *835 filing deadline is a “claim-processing rule[] that do[es] not delineate what cases ... courts are competent to adjudicate.” Kontrick, 540 U.S. at 454;[8] Nat'l Ecological Found, v. Alexander, 496 F.3d 466, 475-76 (6th Cir. 2007) (holding that Rule 59(e) is a claims processing rule); First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 562 (9th Cir. 2006) (same); see Dill v. Gen. Am. Life Ins. Co., 525 F.3d 612, 618 (8th Cir. 2008) (holding that Fed. R. Civ. P. 50(b) is a claim-processing rule).
Because Rule 59(e) is a claim-processing rule, an objection based on the untimeliness of a Rule 59(e) motion may be forfeited. See Eberhart, 546 U.S. at 19. “[W]here the Government fail[s] to raise a defense of untimeliness until after the District Court ha[s] reached the merits, it forfeits] that defense.” Id. In this case, the District Court denied the motion for reconsideration after considering its merits. Thus, the Government forfeited its ability to challenge Lizardo’s motion for reconsideration as untimely in the District Court.
Having established that Rule 59(e) is a claim-processing rule and that a timeliness objection to a Rule 59(e) motion may be forfeited, we turn to the question of whether the Government’s failure to object to Lizardo’s untimely motion for reconsideration in the District Court forfeited that objection for purposes of Rule 4(a)(4)(A).
B.
Rule 4(a)(4)(A)(iv) states that “[i]f a party timely files in the district court [a motion to alter or amend the judgment under Rule 59], the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion[.]” Fed. R. App. P. 4(a)(4)(A) (emphasis added). An untimely Rule 59(e) motion does not toll the time for filing an appeal under Rule 4(a)(4)(A). This is true even if the party opposing the motion did not object to the motion’s untimeliness and the district court considered the motion on the merits. See Browder v. Ill. Dep’t of Corr., 434 U.S. 257, 264-65, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978); Garcia-Velazquez v. Frito Lay Snacks Carribean, 358 F.3d 6, 10-11 (1st Cir. 2004); Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001); *836 Wight v. BankAmerica Corp., 219 F.3d 79, 84 (2d Cir. 2000); cf. Gutierrez v. Johnson & Johnson, 523 F.3d 187, 194 (3d Cir. 2008) (“[T]he fact that [a] motion was timely for the purposes of the District Court’s schedule does not necessarily make it timely for an appeal to this Court.”).
Lizardo urges us to follow the Sixth Circuit, which held that “where a party forfeits an objection to the untimeliness of a Rule 59(e) motion [in the district court], that forfeiture makes the motion ‘timely’ for the purpose of Rule 4(a)(4)(A)(iv).” Nat’l Ecological Found., 496 F.3d at 476. That Court could “discern no reason for holding that an otherwise properly filed motion that was considered by the district court would fail to toll the time for filing a notice of appeal.” Id. There are several reasons why we depart from the Sixth Circuit’s approach.
First, it creates a disparity in treatment between the first five types of post-judgment motions and the last type listed under Rule 4(a)(4)(A), Rule 60 motions. Under Rule 4(a)(4)(A)(vi), in its current form, this Court, not the district court, is required to determine whether the Rule 60 motion was filed “no later than 28 days after the judgment [wa]s entered.” Fed. R. APP. R 4(a)(4)(A)(vi) (2010). Thus, the circumstances of the litigation in the district court are irrelevant to whether a Rule 60 motion is timely for purposes of Rule 4(a)(4)(A). Under the Sixth Circuit’s approach, however, the timeliness of the other post-judgment motions would be determined based on the proceedings in the district court. Whether those motions were timely filed would depend in part upon the quality of the party opposing the motion’s counsel at the district court. If that party’s counsel failed to object to the timeliness of the motion, we would be forced to deem the time to file a notice of appeal tolled. There is no reasoned explanation for treating Rule 60 motions differently from the other motions listed under Rule 4(a)(4)(A).
In fact, the disparity would frustrate one of Rule 4(a)(4)(A)’s purposes — to provide the same deadline for all post-judgment motions listed under that rule. The Advisory Committee’s notes on the 2009 amendments to Rule 4 state that section (a)(4)(A)(vi) was amended to match the timeline of the other post-judgment motions that provide for tolling:
Formerly, the time limit under subdivision (a)(4)(A)(vi) was 10 days, reflecting the 10-day limits for making motions under Civil Rules *837 50(b), 52(b), and 59. Subdivision (a)(4)(A)(vi) now contains a 28-day limit to match the revisions to the time limits in the Civil Rules.
Fed. R. App. P. 4 (2010) (Notes of Advisory Committee on 2009 Amendments). Dating back to at least 1995, the amendments to Rule 4 have repeatedly sought to “standardize the time in which postjudgment motions must be made” under Rule 4(a)(4)(A). 16A CHARLES A. WRIGHT, ARTHUR R. Miller, Edward H. Cooper & Catherine T. Struve, Federal Practice and Procedure: Jurisdiction and Related Matters § 3950.4 at 330 (4th ed. 2008). This interest in a uniform deadline would be defeated by an approach to tolling that is largely dependent on what occurred in the district court for Rule 4(a)(4)(A)(i) through (v), but is based solely on our own timing calculation for Rule 4(a)(4)(A)(vi).
In addition, the Sixth Circuit’s approach creates uncertainty in the appeal timeline. The 2009 amendments to the Federal Rules of Civil Procedure, which, inter alia, extended the time for filing a Rule 59(e) motion from ten to twenty-eight days, show that Rule 4 is intended to enforce the deadlines provided in the Federal Rules of Civil Procedure, not vary them based on the happenstance of a particular litigation. In discussing the extension of time for filing a Rule 59(e) motion, the Advisory Committee Notes explain that the time period to file such a motion is “particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under [Rule 59].” FED. R. Crv. P. 59 (2010) (Notes of Advisory Committee on 2009 Amendments). Indeed, Rule 4’s main purpose is “to set a definite point of time when litigation shall be at an end[.]” Browder, 434 U.S. at 264 (internal quotation marks omitted). In furtherance of this purpose, the 2009 amendment extending the filing deadline for a Rule 59(e) motion from ten to twenty-eight days was partially motivated by the desire to provide additional time to file the motion while not injecting uncertainty into the appeal timeline by granting the district court discretion to set any deadline for the motion’s filing. “Rather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time,” Fed. R. Civ. P. 59 (2010) (Notes of Advisory Committee on 2009 Amendments) — by, say, permitting an extension of time to file a Rule 59(e) motion for “good cause,” as district courts are permitted to do for some other motions, Fed. R. Crv. P. 6(b)(1) — Rule 6(b)’s prohibition on the extension of time to file a Rule 59(e) motion was specifically preserved, Fed. R. Civ. P. 59 *838 (2010) (Notes of Advisory Committee on 2009 Amendments). Fed. R. Civ. P. 6(b)(2) (“A court must not extend the time to act under Rule[]. . . 59[(e).]”). Holding that an untimely Rule 59(e) motion is timely for purposes of Rule 4(a)(4)(A) by virtue of the opposing party’s failure to object to that untimeliness in the district court would accomplish the opposite result of that intended by the 2009 amendments. The “uncertainty in appeal time,” Fed. R. Civ. P. 59 (2010) (Notes of Advisory Committee on 2009 Amendments), would be embedded in the litigation process. Accordingly, we reject Lizardo’s request that we follow the Sixth Circuit’s approach.
III.
We hold that an untimely Rule 59(e) motion, even one that was not objected to in the district court, does not toll the time to file a notice of appeal under Rule 4(a)(4)(A). The Government’s forfeiture of the timeliness objection to Lizardo’s Rule 59(e) motion in the District Court did not forfeit its timeliness challenge based on Rule 4(a)(4)(A) made before this Court. Because Lizardo’s untimely Rule 59(e) motion did not toll the time to file a notice of appeal, his notice of appeal was untimely and we must dismiss his appeal for lack of jurisdiction.[9]

 The District Court had jurisdiction over Lizardo’s § 2255 petition under 28 U.S.C. § 1331.

 The other issues certified for appeal were whether Lizardo’s notice of appeal was timely filed under the prison mailbox rule and whether the District Court applied the correct standard in evaluating Lizardo’s claim that his trial counsel deprived him of the right to testify on his own behalf. Lizardo concedes the former issue and we lack jurisdiction to address the latter issue.

 Unless otherwise noted, all references to “Rule 59” refer to Rule 59 of the Federal Rules of Civil Procedure as it existed in 2008.

 Unless otherwise noted, all references to “Rule 4” refer to Rule 4 of the Federal Rules of Appellate Procedure as it existed in 2008.

 The certificate of appealability did not certify the issue of whether the District Court erroneously denied Lizardo’s motion for reconsideration and Lizardo fails to raise that issue in this appeal. Therefore, we need not address it. 28 U.S.C. § 2253(c)(3); Villot v. Varner, 373 F.3d 327, 337 n.13 (3d Cir.2004); 3d Cir. L.A.R. 22.1(b); see Fed. R. App. P. 28(a)(5).

 In the alternative, Lizardo argues that Rule 4 denied him due process because it did not provide him enough time to file a motion for reconsideration. Because that issue was not certified for appeal, we need not address it. 28 U.S.C. § 2253(c)(3); Villot, 373 F.3d at 337 n.13; 3d Cir. L.A.R. 22.1(b); see FED. R. APP. P. 28(a)(5). We also note that Lizardo’s alleged due process violation is based on assumptions that he concedes are unsupported by the record. Lizardo assumes that (1) the January 25,2008 order was not mailed to him until January 28,2008, (2) it would take five to seven business days for the January 25,2008 order to reach an address in the Virgin Islands, and (3) delivery to a prison inmate would take additional time. Based on these assumptions, he argues that it would not be unreasonable to find that the January 25,2008 order did not arrive until after February 11,2008. We decline to engage in such speculation. Moreover, even if we credited these assumptions and evaluated his claim on the merits, Lizardo does not cite any supporting legal authority for his claim.

 Although Internal Operating Procedure 9.1 generally bars us from “overrul[ing] the holding in a precedential opinion of a previous panel” without “en banc reconsideration,” 3D ClR. *834 IOP § 9.1, “a panel of our Court may decline to follow a prior decision of our Court without the necessity of an en banc decision when the prior decision conflicts with a Supreme Court decision.” United States v. Tann, 577 F.3d 533, 541 (3d Cir. 2009).

 A similar comparison can be made to the rule at issue in Eberhart. See 546 U.S. at 15-20. There, the Supreme Court held that Rule 33 of the Federal Rules of Criminal Procedure is a claim-processing rule. Id. at 13.

 We express no opinion on whether Rule 4(a)(4)(A) is a claim-processing or jurisdictional rule. Indeed, any such expression would be dicta because it is undisputed that the Government properly raised the timeliness challenge based on Rule 4(a)(4)(A) before this Court.