Randolph ARTIS, Appellant

v.

Warden Paul SCHULTZ; Scott Dodrill, Northeast Regional Director (Federal Bureau of Prisons); H. Lappin, Director, Federal Bureau of Prisons; Karl J. Belfonti, Associate Warden; C. Maiorana, Associate Warden; Rodney L. Karr, Associate Warden; J. Byrnes, S.I.S. Investigator; M.D. Hanley, S.I.S. Investigator; D.S. Kulick, Disciplinary Hearing Officer; Brian Redondo, Staff Psychologist; D. Chinnic, Office Manager, FPI Unicor; J. Unger, Payroll Manager, FPI Unicor; William Perez, Associate Warden; J. Smith, Chief Psychologist; Harrell Watts, Administrator, Federal Bureau of Prisons; Delia D. Ruis, Administrator, Federal Bureau of Prisons.

No. 10–2590.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 April 21, 2011.

Opinion filed: May 4, 2011.

Randolph Artis, Fairton, NJ, pro se.

Atty. Gen. NJ, Esq., Office of Attorney General of New Jersey, Trenton, NJ, for Paul Schultz.

Before: RENDELL, FUENTES and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Randolph Artis, a prisoner at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, appeals from the District Court's order denying his motion for reconsideration. We will affirm.

Artis was employed by Federal Prison Industries ("UNICOR") at FCI Fairton. In May 2007, after an investigation, Artis was charged with having been overpaid $197.60 for hours that he did not work from October 2006 through April 2007. The overpayment resulted from an embezzlement scheme involving several inmates, including inmate payroll clerk Foreman. On September 12, 2007, Disciplinary Hearing Officer Kulick found that Artis had committed Prohibited Act 328, Receiving Anything of Value from Another Inmate, or Any Other Person without Staff Authorization, and sanctioned Artis with a 90–day loss of commissary privileges. In addition, $197.60 was taken from Artis's final pay from UNICOR, and he was instructed not to report to work at UNICOR. Artis filed an appeal, which was denied because an investigation revealed that Artis informed authorities of his overpayment only after the embezzlement was discovered.

Artis then filed an Administrative Tort Claim, requesting $198,618,045.56 in damages. Regional Counsel declined to offer a settlement. Artis sought reconsideration, but again did not obtain a settlement.

On March 5, 2009, Artis filed a *pro se* complaint in the United States District Court for the District of New Jersey, raising a *Bivens* claim and also seeking damages under the Federal Tort Claims Act ("FTCA"). The District Court concluded that Artis failed to state a claim

under *Bivens* because prisoners have no protected liberty or property interest in commissary privileges, retaining prison employment, or receiving payment for hours admittedly not worked, and that he failed to state a claim under the FTCA because his loses were not caused by the negligent or wrongful act or omission of any employee of the Government. On October 7, 2009, the District Court dismissed the complaint with prejudice, but advised Artis that he was free to seek leave to amend his complaint under Rules 15 and 59 of the Federal Rules of Civil Procedure, if he intended to allege that the BOP had intentionally or deliberately overpaid him so that it could fire him on that basis.

Artis filed an amended complaint on October 28, 2009. The District Court interpreted the amended complaint as including a motion for reconsideration, denied the motion, and dismissed the amended complaint. Artis appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is limited to the order denying reconsideration.[1] We review an order denying a motion for reconsideration for abuse of discretion. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 673 (3d Cir.1999). We will summarily affirm the District Court's order because no substantial issue is presented on appeal. *See* LAR 27.4; I.O.P. 10.6.

"The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe*, 176 F.3d at 677. A judgment may be amended if the party seeking reconsideration demonstrates an intervening change in the controlling law, the availability of new evi-

dence, or the need to correct a clear error law or fact or to prevent manifest injustice. *Id.* As the District Court explained, Artis's amended complaint only restated facts and arguments that he had included in his original complaint. Artis, therefore, did not provide the District Court a basis for granting reconsideration.

As the District Court clearly did not abuse its discretion in denying Artis's motion for reconsideration, no substantial question is presented on appeal. Accordingly, we will affirm the judgment of the District Court.

---

1. The amended complaint is dated October 23, 2009, more than ten days after entry of the final order that dismissed the initial complaint with prejudice. Treated as a motion for reconsideration filed on that date, the amended complaint did not toll the time for appeal. *See Lizardo v. United States*, 619 F.3d 273, 280 (3d Cir.2010).