**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2099
_____

YAN YAN,

Appellant

v.

FOX CHASE CANCER CENTER; HUA-YING FAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2:12-cv-03858)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2015
Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Opinion filed: October 22, 2015)
_____

OPINION[*]
_____

PER CURIAM

Yan Yan appeals from two orders of the District Court denying her post-judgment

motions in her employment discrimination action.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Yan filed a complaint in the District Court alleging that her employers, Defendants Fox Chase Cancer Center ("FCCC") and Dr. Hua-Ying Fan, discriminated against her based on her sex, national origin, and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951. She also alleged that the Defendants violated the Equal Pay Act, 29 U.S.C. § 206, by paying her less than a male employee. Following discovery, the Defendants filed a motion for summary judgment, which the District Court granted on September 18, 2014. Yan filed a timely motion for reconsideration of that order, which the District Court denied on October 30, 2014. Yan then filed a timely appeal of those orders. The appeal was docketed in this Court at C.A. No. 14-4392.

Yan subsequently filed in the District Court several motions and letters challenging the District Court's earlier grant of summary judgment and seeking miscellaneous relief relating to discovery.[1] She also requested that the District Court impose sanctions upon the Defendants for their alleged failure to comply with a request for discovery that she had served upon them after final judgment had been entered in the

---

[1] Yan filed a motion requesting that the District Court reopen her case so that she could present additional documents and exhibits in support of her employment discrimination claims. She also presented a letter highlighting certain documents she had filed previously and requesting that the District Court reconsider its decision granting summary judgment. Additionally, she filed a "notice of injury claim for remedy and subpoena" wherein she appeared to request that the District Court direct FCCC to provide her with additional discovery. Finally, she filed a motion seeking an order from the District Court directing the Pennsylvania Human Relations Commission (PHRC) to reopen a landlord-tenant case that she commenced with the PHRC in 2013.

2

case. In April 2015, the District Court entered two orders denying Yan's various post-judgment requests for relief. This appeal followed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3] We may affirm on any basis supported by the record. See Erie Telecomms., Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988). Having reviewed the record, we determine that the District Court appropriately denied Yan's post-judgment motions.

By the time that Yan filed her motions in the District Court, final judgment had already been entered in her case. Because Yan did not seek relief under a specific Federal Rule of Civil Procedure, and mindful that Federal Rules of Civil Procedure 59 and 60 govern the opening of final judgments, we consider whether Yan was entitled to relief under either provision.

First, Yan was not entitled to relief under Rule 59(e). Her motions, filed beyond the twenty-eight days provided for under the Rule, see Fed. R. Civ. P. 59(e), did not present any valid basis for reconsideration, see Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that reconsideration is warranted if a litigant shows "(1) an intervening change in the controlling law; (2) the availability of

---

[2] Yan has also filed in this Court motions seeking to be awarded money damages and costs.

[3] To the extent that Yan's brief challenges either the District Court's May 11, 2015 order granting summary judgment to the Defendants, or its October 30, 2014 order denying her reconsideration motion, we decline to review any issues with respect to those orders. As mentioned, Yan filed a separate appeal of those decisions and was afforded the opportunity to present any arguments with respect to those orders in that appeal.

new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.") (citation omitted). Second, Yan was not entitled to relief under Rule 60(b) because her filings did not set forth any basis for granting relief under the Rule, including the catch-all provision in Rule 60(b)(6) that allows a court to relieve a party from a judgment for "any other reason that justifies relief." See Fed. R. Civ. P. 60; see also Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Even construing her filings liberally, we do not discern any conceivable basis to reopen the judgment.[4]

Additionally, to the extent that Yan sought to challenge in her post-judgment filings the District Court's decision to grant summary judgment in favor of the Defendants, the District Court correctly denied relief because Rule 60(b) is not a substitute for an appeal. See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988), overruled on other grounds, Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir. 2010). Furthermore, because final judgment had already been entered in Yan's case, the Court did not abuse its discretion in declining to grant her leave to reopen the proceedings in order to engage in additional discovery. Nor did the District Court abuse its discretion in declining to reopen the case in order to impose sanctions. See Gary v. Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008).[5]

---

[4] We review the denial of Rule 60(b) relief for abuse of discretion. See Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002).

[5] We also conclude that the District Court did not err in denying Yan's apparent motion

4

For these reasons, we will affirm the District Court's orders. Yan's motions

seeking the award of money damages and costs are denied.

---

seeking an order directing the PHRC to reopen her administrative case. Such a request did not present any grounds for reopening her District Court case. Moreover, federal courts do not have ordinary oversight responsibility over state agencies like the PHRC. Cf. Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970).