**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4059
_____

DIANE R. GOCHIN,
                          Appellant

v.

THOMAS JEFFERSON UNIVERSITY; JAMES ORTLIEB;
PATRICIA VERCIO; JOY SOLEIMANZADEH;
RANDY MCLAUGHLIN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-07559)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2016

Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: July 20, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Diane Gochin appeals pro se from the District Court's order denying her motion pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. We will affirm.

I.

In December 2013, Gochin commenced this employment discrimination action against her former employer and supervisors at Thomas Jefferson University (the "Jefferson Defendants"). In the complaint, she claimed that she had been denied fifty-three promotions on account of her age and gender, and was "constructively demoted" in retaliation for having filed a complaint with the Equal Employment Opportunity Commission (EEOC). Gochin sought relief under Title VII, the Age Discrimination in Employment Act, the Pennsylvania Human Relations Act, the Older Workers' Benefits Protections Act, the Pennsylvania Wage Payment and Collection Law, the Lilly Ledbetter Fair Pay Act, and the Equal Pay Act.

The Jefferson Defendants moved for summary judgment on the grounds that: (1) most of Gochin's claims were time-barred; (2) she failed to establish a prima facie case of either discrimination or retaliation; (3) she did not have a viable Equal Pay Act claim; (4) she did not have a viable claim against the individual defendants; (5) she could not bring a pattern or practice claim outside of a class action; and (6) she failed to create any genuine issues of fact with respect to her hostile-work-environment and wage-law claims. See Fed. R. Civ. P. 56.

2

Rather than responding to the merits of the summary judgment motion, Gochin filed a "Motion for Default Judgment and Sanctions" alleging that the Jefferson Defendants had repeatedly failed to produce requested documents and had intentionally concealed evidence concerning three of the fifty-three positions she had been denied. According to Gochin, the defendants had falsely stated that the "Manager of Education and Outreach in the Office of Research Administration" position had been cancelled, but she had learned through her own investigation that this position had in fact been filled— and awarded to a "young woman." Gochin also alleged that the defendants had "merged" two of the allegedly cancelled positions into a "renamed" position of "Compliance Liaison," and awarded it to a man.

By order entered November 3, 2015, the District Court granted the Jefferson Defendants' motion, entered judgment in their favor on all of Gochin's claims, and denied Gochin's Motion for Default Judgment and Sanctions. In denying the latter motion, the District Court explained that Gochin's accusations against the Jefferson Defendants were entirely baseless and that she herself had abused the discovery process.

On December 7, 2015, Gochin filed a notice of appeal from the District Court's November 3, 2015 order. The Jefferson Defendants moved to dismiss the appeal for lack of jurisdiction because it was untimely under Fed. R. App. P. 4(a)(1)(A). We granted the motion and dismissed the appeal. See C.A. No. 15-3924 (order entered Mar. 22, 2016).

Meanwhile, Gochin had filed the motion at issue in this appeal, a motion pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. Gochin again claimed that the

Jefferson Defendants had "machinated their entire defense" by concealing evidence that the two allegedly cancelled positions had in fact been filled. (Mot. 1, ECF No. 55.) Gochin further alleged that the District Judge had conspired with the defendants to falsely accuse her of discovery misconduct. The District Court denied the motion by order entered December 7, 2015. Gochin now appeals from the District Court's order.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a Rule 60(b) motion for abuse of discretion. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). To prevail on a Rule 60(b)(3) motion, the moving party must establish, by clear and convincing evidence, Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960), that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting her case, Fed. R. Civ. P. 60(b)(3). See Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983). The movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (internal quotation marks omitted).

We see no abuse of discretion in the District Court's decision to deny relief. In her Rule 60(b)(3) motion, Gochin merely sought to re-litigate the issues she already raised, and which the District Court already rejected, in her Motion for Default Judgment and Sanctions. Gochin failed to timely appeal from the order denying that motion, and a

4

"Rule 60(b) motion may not be used as a substitute for appeal." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988), overruled on other grounds by Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir. 2010). Furthermore, Rule 60(b)(3) is not the proper vehicle for Gochin to challenge the District Judge's alleged misconduct. See Fed. R. Civ. P. 60(b)(3) (pertaining to misconduct "by an opposing party"). Accordingly, the District Court properly denied relief.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.[1]

---

[1] The Jefferson Defendants' Motion to Supplement the Appendix, Gochin's Motion to Proceed on Original Record, and Gochin's Motion for Leave to Supplement the Reply Brief are granted. To the extent that Gochin requests recusal of certain Judges of this Court, the request is denied. See 28 U.S.C. § 455(a).