ALD-414                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2807
_____

NATHANIEL L. ADDERLY,
                                                    Appellant

v.

CPL. WILSON; TPR. CONNORS; COUNSELOR RICHARD
KELLER; R.S. CHERYL ZALANDONIS; M.J. TUPPER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-13-cv-01945)
District Judge: Edwin M. Kosik
_____

Submitted for Possible Dismissal under 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2016

Before: AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 16, 2016)
_____

OPINION*
_____

PER CURIAM

        Nathaniel L. Adderly appeals from orders of the District Court dismissing his

complaint and denying his motion for reconsideration.  For the reasons that follow, we

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

will dismiss the appeal in part for lack of appellate jurisdiction and summarily affirm to the extent of our jurisdiction.

Adderly, an inmate confined at the State Correctional Institution in Houtzdale, Pennsylvania, filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Middle District of Pennsylvania. He sought damages, alleging violations of his civil rights in connection with an allegedly unlawful prosecution and conviction for failure to comply with state sex offender registration requirements, see 18 Pa. Cons. Stat. Ann. § 4915.1(a)(1), and certain incidents of prison life. The defendants moved to dismiss the complaint, Fed. R. Civ. P 12(b)(6), and, in an order entered on July 29, 2015, the District Court dismissed the complaint as to all defendants. In pertinent part, the District Court concluded that Adderly's claims either were barred by Heck's favorable termination rule, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), or meritless, see Griffin v. Vaughn, 112 F.3d 703, 705-07 (3d Cir. 1997).

On September 8, 2015, Adderly filed a motion for "reconsideration/reargument and/or to alter or amend judgment," which was postmarked September 2, 2015. After the motion was fully briefed, the District Court, in an order entered on May 25, 2016, denied it.

On June 13, 2016, Adderly filed a notice of appeal, seeking review of both the order dismissing his complaint and the order denying reconsideration. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.

2

We will dismiss the appeal in part for lack of appellate jurisdiction and summarily affirm to the extent of our jurisdiction. The taking of an appeal within the prescribed time is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209 (2007). Final judgment was entered on July 29, 2015. Adderly had 30 days to appeal that order under Federal Rule of Appellate Procedure 4(a)(1)(A) and 28 U.S.C. § 2107(a). He filed his notice of appeal on June 13, 2016, well beyond the 30-day deadline. Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) tolls the running of the appeal period only when a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) is filed within 28 days after entry of the judgment. Lizardo v. United States, 619 F.3d 273, 278-79 (3d Cir. 2010). Adderly's motion for "reconsideration/reargument and/or to alter or amend judgment" was not postmarked within 28 days of the District Court's order dismissing the complaint. See generally Fed. R. Civ. P. 6(b)(2) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time," except that a "court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."). Accordingly, it did not toll the time for taking an appeal and we thus lack jurisdiction to review the District Court's order entered on July 29, 2015.

In his motion for "reconsideration/reargument and/or to alter or amend judgment," Adderly argued that the District Court overlooked his retaliation claim, and he submitted new evidence -- a transcript -- in support of this claim. Rule 60(b)(2) provides that "the court may relieve a party … from a final judgment" where the movant has "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). We will treat

Adderly's motion as a Rule 60(b) motion insofar as it presented grounds cognizable under Rule 60. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir.2002). Adderly's notice of appeal was timely filed within 30 days of the order entered on May 25, 2016. We thus have jurisdiction to review that order. 28 U.S.C. 1291; Fed. R. App. P. 4(a)(1)(A).

We will summarily affirm the order of the District Court denying Adderly's motion for "reconsideration/reargument and/or to alter or amend judgment" because no substantial question is presented, Third Circuit LAR 27.4 and I.O.P. 10.6. We review the denial of a Rule 60(b) motion for an abuse of discretion. See Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc). The District Court abuses its discretion when it bases its decision "upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." Id. (internal quotation marks and citation omitted). In denying the motion, the District Court concluded that Adderly failed to present any new evidence, facts, or issues which were not previously in existence and available. The Court declined to grant Adderly relief from the judgment because he merely reasserted his same arguments and offered transcripts that were in existence and previously available to, but not used by, him. After careful review of the record, we hold that the District Court, in reaching this conclusion, did not abuse its discretion.

For the foregoing reasons, we will dismiss the appeal in part for lack of appellate jurisdiction and summarily affirm the order of the District Court denying Adderly's motion for "reconsideration/reargument and/or to alter or amend judgment.