NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2705
_____

YENNY LORA; MERCEDES PALMA

v.

NHS, INC.; MALCOLM MUSGROVE; KIM RICHARDSON;
TAMITRA FOREMAN; NHS CHILDREN'S REACH; NHS PHILADELPHIA

Yenny Lora, Mercedes Palma, and Raul Jauregui*,

Appellants
*(Added pursuant to Fed. R. App. P. 12(a))
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-2357)
District Judge: Hon. Petrese B. Tucker
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 8, 2016

Before: JORDAN, VANASKIE, and KRAUSE, *Circuit Judges*.

(Filed: October 26, 2016)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Yenny Lora and Mercedes Palma appeal the imposition of costs, and their attorney, Raul Jauregui, appeals the imposition of sanctions. The United States District Court for the Eastern District of Pennsylvania imposed those costs and sanctions for abuse of the discovery process. For the reasons that follow, we will dismiss the appeal for lack of jurisdiction.

## I.  Background

While litigating this Title VII and False Claims Act dispute, Lora, Palma, and Jauregui systematically acted in bad faith during discovery. Despite repeated and specific warnings, they continued their contumacious behavior, including refusing to comply with discovery orders. As a consequence, the District Court exercised its discretion under Rule 37(b)(2)(A)(v)[1] and dismissed all claims with prejudice, allocated all costs to Lora and Palma, and imposed personal sanctions against Jauregui. The District Court entered final judgment, including costs and sanctions, on December 12, 2014.

Jauregui, on behalf of Lora and Palma, promptly filed a motion for reconsideration under Rule 60(b). That motion was denied on January 26, 2015, but the filing of the motion tolled the deadline for filing an appeal until thirty days after the order of denial was entered. FED. R. APP. P. 4(a)(4)(A)(v). Lora and Palma, through Jauregui, met that deadline, but then failed to prosecute the appeal, so we dismissed it on March 19, 2015.

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure, unless otherwise stated.

On May 28, 2015, 140 days after the entry of final judgment, Jauregui filed a second motion for reconsideration, this time under Rule 59(e).[2] He again asked the District Court to reconsider the personal sanctions against him. The Court denied that motion and Jauregui filed this appeal on July 14, 2015, naming Lora and Palma as appellants, as well as himself. The defendants opposed Jauregui's motion for reconsideration as untimely and now likewise oppose this appeal.

## II.    Discussion[3]

Our jurisdiction is circumscribed by statute. *Vineland Chem. Co. v. U.S. Envtl. Protection Agency*, 810 F.2d 402, 405 (3d Cir. 1987). Before addressing the merits of any dispute, we must satisfy ourselves that we possess jurisdiction to hear the matter. *Interdynamics, Inc. v. Firma Wolf*, 698 F.2d 157, 164 (3d Cir. 1982). We cannot review arguments that should have been raised in a previous direct appeal but which the party

---

[2] Jauregui's motion is entitled "Plaintiffs' Counsel Motion for Reconsideration and Relief." (District Court Dkt. No. 123 at 1.) Although Jauregui does not make entirely clear what Rule he is invoking, he does refer to the legal standard for a motion pursuant to Rule 59. Furthermore, it has long been established that, "[f]or purposes of Rule 4(a) of the Federal Rules of Appellate Procedure, we view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment." *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) (citing *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985)). Therefore, we review Jauregui's motion for reconsideration as one made under Rule 59.

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. Because the time allowed for filing a Rule 59(e) motion is a claim-processing rather than jurisdictional rule, the District Court retained jurisdiction to decide Jauregui's motion for reconsideration. *Wiest v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013).
On appeal, there is "no question that we have both the power and the duty to consider the case to the extent necessary to resolve any jurisdictional issue." *Richman Bros. Records, Inc. v. U.S. Sprint Commc'ns Co.*, 953 F.2d 1431, 1438 (3d Cir. 1991), *cert. denied* 505 U.S. 1230 (1992).

chose not to pursue. *United States v. Pultrone*, 241 F.3d 306, 307-08 (3d Cir. 2001).

Lora and Palma's claims were fully resolved when this Court dismissed their appeal on

March 19, 2015. Consequently, their second attempt to appeal the District Court's

dismissal of their case under Rule 37(b), and the related imposition of costs and

sanctions, is not cognizable. There is no jurisdiction for an attempt at a do-over.

Because Jauregui also appeals the District Court's July 7, 2015 denial of his

second motion to reconsider personal sanctions, which was not raised on the first appeal

(and, indeed, could not have been because the motion had not yet been filed, let alone

ruled on), we separately consider our jurisdiction as to that aspect of the appeal.

Jauregui's second motion for reconsideration relied on Rule 59(e), which provides parties

a 28-day window following the entry of judgment to seek an amendment or alteration of

the judgment. FED. R. CIV. P. 59(e). Jauregui waited 140 days after judgment was

entered before he filed his 59(e) motion, obviously outside the 28-day window.

The question of whether a notice of appeal was timely is a question of law over

which we exercise plenary review. *DL Res., Inc. v. FirstEnergy Sols. Corp.*, 506 F.3d

209, 213 (3d Cir. 2007). For an appeal to be timely, it must be filed within the time

specified by the appropriate section of Federal Rule of Appellate Procedure 4. For civil

matters, aside from certain exceptions not applicable here, the notice of appeal must be

filed within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The time to

file the notice of appeal is tolled when a timely Rule 59(e) motion is pending in the

district court. FED. R. APP. P. 4(a)(4)(A)(iv). But "an untimely Rule 59(e) motion, even

one that was not objected to in the district court, does not toll the time to file a notice of

4

appeal under Rule 4(a)(4)(A)." *Lizardo v. United States*, 619 F.3d 273, 280 (3d Cir. 2010).

Jauregui's time to appeal the District Court's imposition of personal sanctions ran from the date of entry of final judgment as tolled by the first and timely motion for reconsideration, which Lora, Palma, and Jauregui filed pursuant to Rule 60(b). That first motion for reconsideration was denied on January 26, 2015. Jauregui thus had until February 25, 2015 to file his appeal. But he did not, nor did he file his Rule 59(e) motion for reconsideration within that window. The time to file his appeal had therefore already expired before he filed that second motion for reconsideration. As a result, the untimely motion had no tolling effect on his time for filing an appeal. The deadline for Jauregui's appeal had long expired before the notice of appeal was filed on July 14, 2015.

In short, "[b]ecause [Jauregui]'s untimely Rule 59(e) motion did not toll the time to file a notice of appeal, his notice of appeal was untimely and we must dismiss his appeal for lack of jurisdiction." *Id.* at 280.

## III. Conclusion

For the foregoing reasons, we will dismiss the appeal.