**CLD-122** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4150
_____

GARY RHINES,
                              Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-01601)
District Judge: Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 2, 2017

Before: SHWARTZ, GREENBERG and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 10, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Gary Rhines appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in his civil rights case. As the appeal does not present a substantial question of law, we will summarily affirm the decision of the District Court.

## I.

Rhines, a federal prisoner at U.S.P. Canaan in Waymart, Pennsylvania, suffered food poisoning and filed an amended complaint alleging negligence on the part of Canaan staff members, and raising a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. He sought a preliminary injunction, compensatory damages, and punitive damages.

After the parties proceeded through discovery, the United States conceded liability, leaving damages as the only unresolved issue. After a bench trial, the District Court awarded Rhines $3,000 for pain and suffering. Twenty-nine days later, Rhines filed a motion to amend the judgment under Fed. R. Civ. P. 59(e) in order to recover more damages by adding evidence. He then filed a motion to amend the complaint under Fed. R. Civ. P. 15(c) to include a willful negligence claim predicated on a news article about prisoners allegedly being served pet food and a motion for leave to supplement the Rule 59(e) motion with said article.[1] The District Court denied Rhines's motions because

---

[1] It appears that he filed the motion a day late; however, the defendants did not raise the issue and the District Court did not mention it. Accordingly, the issue is waived and we

he had not established grounds to alter or amend the judgment in his favor; had not

shown reason to amend his complaint under Fed. R. Civ. P. 15(b); and supplementing his

Rule 59(e) motion would be futile.  Rhines timely appealed.[2]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  While we review the ultimate

denial of a motion for reconsideration for abuse of discretion, we review legal

conclusions de novo and factfinding for clear error.  See Howard Hess Dental Labs., Inc.

v. Dentsply Int'l., Inc., 602 F.3d 237, 246 (3d Cir. 2010); U.S. ex. rel. Schumann v.

Astrazeneca Pharma. L.P., 769 F.3d 837, 848 (3d Cir. 2014).  We also review the District

Court's denial of leave to amend for abuse of discretion.  Astrazeneca Pharma. L.P., 769

F.3d at 849.  We may summarily affirm a decision of the District Court if the appeal does

not raise a substantial issue.  See 3d Cir. LAR 27.4 and 3d Cir. I.O.P. 10.6

The District Court did not abuse its discretion in denying Rhines' Rule 59 motion.

Motions for reconsideration are submitted to "correct manifest errors of law or fact or to

present newly discovered evidence."  Astrazeneca Pharma. L.P., 769 F.3d at 848

(quotations omitted).  A judgment will only be altered or amended upon a showing of one

of three grounds: "(1) an intervening change in the controlling law; (2) the availability of

---

may reach the merits of the motion.  See Lizardo v. United States, 619 F.3d 273, 276-77
(3d Cir. 2010).

[2] Because the Rule 59(e) motion was untimely, the scope of the appeal is limited to the
denial of that motion.  See Lizardo, 619 F.3d at 275 n.5.

new evidence that was not available when the court granted . . . judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. Rhines did not attempt to show that there was an intervening change in the controlling law, and did not demonstrate either a clear error of law or fact or a need to prevent manifest injustice. Additionally, the evidence that Rhines presented – that he was a convicted drug dealer; that he tried to have an expert witness appointed and was sensitive to antacids; and a news article claiming that meat intended as pet food was instead served to prisoners – was either not new or unrelated to his negligence claim.[3] Finally, the District Court correctly noted that Rhines appeared to be arguing medical malpractice in his Rule 59(e) motion, but that he could not assert new arguments in such a motion.[4]

Nor did the District Court abuse its discretion in denying Rhines leave to amend his complaint. As a general rule, once a judgment has been entered, a plaintiff is not allowed to amend his complaint unless that judgment has been "set aside or vacated"

---

[3] Rhines should have raised these points in a timely appeal; however, given that he won on liability, it is not clear what bearing his arguments would have had on damages.

[4] Rhines argues on appeal that he did raise such a claim in his District Court filings and that the District Court overlooked it. We disagree. But even if his assertion were true, to prevail under Rule 59 he would have to show that the district court's omission amounted to "manifest injustice." See Astrazeneca Pharma. L.P., 769 F.3d at 848. Given that Rhines prevailed on the issue of liability, leaving nothing disputed but the amount of damages, he cannot meet this standard.

under Rules 59 or 60.  See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002).

Accordingly, we will summarily affirm the District Court's decision.[5]

---

[5] We also find no abuse of discretion in the District Court's denial of Rhines's motion to supplement his Rule 59 motion.  Rule 59 motions may not be used to raise new arguments that could have or should have been raised in the District Court prior to judgment, and to the extent that he sought to add an argument predicated on pet food, he should either have presented it before judgment or filed a new complaint.  See Max's Seafood Café ex. rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999).