ALD-123                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4013
_____

MARTIN E. FOUNTAIN,
                                        Appellant

v.

WARDEN JAMES T. VAUGHN CORRECTIONAL CENTER;
JAMES T. VAUGHN CORRECTIONAL CENTER
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-15-cv-00526)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 2, 2017
Before:  MCKEE, JORDAN, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 17, 2017 )
_____

OPINION[*]
_____

PER CURIAM

     Martin E. Fountain, an inmate at the James T. Vaughn Correctional Center in

Smyrna, Delaware, appeals from an order of the United States District Court for the

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

District of Delaware denying a motion for reconsideration of an order dismissing his action as legally frivolous. We will summarily affirm.

While Fountain was at his prison job in May 2015, he was told to return to his building. Once there, Fountain was transferred to the MHU (i.e., Medium-High Housing Unit), losing his job in the process. Five days later, an emergency administrative classification hearing was held, and Fountain was reclassified to the SHU (i.e., Security Housing Unit). As of the date Fountain initiated this action, he had not been served with any disciplinary action paperwork or advised of the results of any investigation. Fountain alleges that he was transferred from minimum security without notice and without being charged with disciplinary misconduct in violation of his right to due process. Fountain seeks a return to minimum security housing and back pay, among other forms of relief. Fountain filed a "Motion for Injunction," which the District Court liberally construed as a Complaint. Upon review of the Complaint, the District Court dismissed the action as frivolous under 28 U.S.C § 1915(e)(2)(B)(i) and ruled that amendment would be futile. Six months later, Fountain filed a motion for reconsideration under Rule 59(e), which was denied by the District Court. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the motion for reconsideration and notice of appeal were not filed within the time limits set forth in Federal Rule of Appellate Procedure 4, this Court does not have jurisdiction to review the

constitute binding precedent.

2

District Court's original order of dismissal.[1]  Our review is therefore limited to the District Court's order on the Rule 59(e) motion for reconsideration.  The appropriate standard of review is for an abuse of discretion.  See Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986).  We may summarily affirm the District Court's order if there is no substantial question presented by the appeal.  See Third Cir. LAR 27.4 and I.O.P. 10.6.

This appeal presents no substantial question.  The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.  N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  Fountain's brief motion for reconsideration primarily advanced the same arguments that were in his

---

[1] For civil matters, aside from certain exceptions not applicable here, the notice of appeal must be filed within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A). The time to file the notice of appeal is tolled when a timely Rule 59(e) motion is filed in the district court within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(iv).  But "an untimely Rule 59(e) motion, even one that was not objected to in the district court, does not toll the time to file a notice of appeal under Rule 4(a)(4)(A)."  Lizardo v. United States, 619 F.3d 273, 280 (3d Cir. 2010).  Because Fountain's untimely Rule 59(e) motion did not toll the time to file a notice of appeal, his notice of appeal was untimely as to the District Court's original order of dismissal and timely only as to the order on the motion for reconsideration.

Complaint. Because this is not a proper basis for reconsideration, the District Court appropriately denied the motion on these grounds.

In addition, the motion for reconsideration contended that the Complaint, and Fountain's arguments, should have been more liberally construed to allow Fountain's action to proceed. We interpret this as a request to correct a manifest injustice. We do not find, however, any manifest injustice. Indeed, we concur with the District Court that the Complaint "lacked an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and was "based on an indisputably meritless legal theory." Id. at 327-28.

Fountain's claim related to his administrative classification level is indisputably meritless. To succeed on a due process claim, Fountain must first demonstrate that he was deprived of a liberty interest. Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002). The Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight as long as the degree of confinement or conditions to which the inmate is subjected are within the sentence imposed and do not otherwise violate the Constitution. Id. (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Because segregation at a different administrative security level is the sort of confinement that Fountain should reasonably anticipate receiving at some point in his incarceration, his transfer to less amenable and more restrictive custody does not

implicate a liberty interest that arises under the Due Process Clause. Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002).

Nor does Delaware state law create liberty interests that are protected by the Due Process Clause and implicated here. See Carrigan v. Delaware, 957 F. Supp. 1376, 1385 (D. Del. 1997) ("Repeatedly, this [c]ourt has determined that the State of Delaware has created no constitutionally protected interest in a prisoner's classification."); 11 Del. C. § 6529(e) (giving the Department of Corrections power to maintain "any" system of classification at its institutions). Furthermore, in Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997), we held that administrative custody for a period as long as fifteen months is not an atypical and significant hardship. At the time that he filed his complaint, Fountain had been in a segregated population for less than one month. Accordingly, Fountain's administrative placement is not an atypical or a significant hardship that would deprive him of a state-created liberty interest. Id.; Sandin v. Connor, 515 U.S. 472, 484 (1995).

Similarly, Fountain's claim related to his loss of prison employment is not cognizable under the Due Process Clause. Put simply, restriction from employment and prison programs are among the conditions of confinement that Fountain should reasonably anticipate during his incarceration. See James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989); Torres, 292 F.3d at 150.[2]

---

[2] Fountain's employment-related claim fares no better under the Eighth Amendment.

Accordingly, the District Court did not abuse its discretion in denying

Fountain's motion for reconsideration on the grounds of manifest injustice. We will

summarily affirm.

---

"It is clear that a prisoner's claim under the Eighth Amendment must establish more egregious conduct than that adequate to support a tort at common law." Williams v. Mussomelli, 722 F.2d 1130, 1133 (3d Cir. 1983). The loss of employment privileges asserted by Fountain is clearly insufficient to rise to this level. See Inmates of Occoquan v. Barry, 844 F.2d 828, 836 (D.C. Cir. 1988) ("[C]ertain sorts of 'deprivations,' such as limited work and educational opportunities, do not even fall within the broad compass of 'punishments' within the meaning of the Constitution.").