**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2898
_____

KAREN TUCKER,
                              Appellant

v.

(HP) HEWLETT PACKARD, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:14-cv-04699)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2017

Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 17, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Karen Tucker appeals from an order of the United States District

Court for the District of New Jersey dismissing her complaint for failure to comply with

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Rule 8 of the Federal Rules of Civil Procedure. We will vacate the District Court's judgment and remand for further proceedings.

I.

In July 2014, Tucker filed a complaint in the District Court against appellee Hewlett-Packard (HP), alleging violations of the New Jersey Products Liability Act, consumer protection statutes, fraud statutes, and her due process rights. Tucker then moved to amend her complaint and submitted a proposed amended complaint. In March 2015, the District Court found, inter alia, that Tucker's complaint "is filled with redundant, unnecessary, ambiguous, conflicting, irrelevant and confusing allegations, and her proposed amendments are overly long and filled with the same." Accordingly, the District Court gave Tucker leave to amend, warning that failure to comply with Federal Rule of Civil Procedure 8 would result in dismissal of her complaint under Federal Rule of Civil Procedure 41. Dkt. # 23. In response, Tucker filed a document titled "motion for reconsideration." HP argued that the document should be treated as an amended complaint and requested that it be dismissed for failure to comply with Rule 8, or alternatively that Tucker be required to file another amended complaint. In October 2015, the District Court construed Tucker's document as an amended complaint, dismissed it without prejudice under Rule 8, and granted Tucker leave to amend only her products liability claim, noting that it could not "decipher any basis" for her other claims. See Dkt. # 27 at 4-5. The District Court again warned her that her complaint would be dismissed pursuant to Rule 41 if she failed to comply with Rule 8. Id. at 5.

2

In November 2015, Tucker filed another document titled "motion for reconsideration." Dkt. # 29. HP again opposed her motion, arguing that she still failed to comply with Rule 8. In May 2016, the District Court treated this document as a second amended complaint, concluded that Tucker had failed to comply with Rule 8 as ordered and failed to focus on her products liability claim, determined that giving her further leave to amend would unduly prejudice HP, and decided that there would be no utility in giving her another chance to amend her complaint. Consequently, the District Court dismissed her complaint with prejudice under Rule 41(b) for failure to comply with Rule 8. Tucker v. Hewlett Packard, Inc., No. 14-4699, 2016 WL 3034106 (D.N.J. May 27, 2016). Tucker timely appealed to this Court.[1]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. As is familiar, we construe pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We review a District Court's dismissal under Rule 8 and under Rule 41(b) for abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (Rule 8 dismissals); Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (Rule 41 dismissals).

---

[1] Tucker also filed motions for reconsideration. Because Tucker did not file a new or amended notice of appeal from the District Court's denial of those motions, we cannot review the orders denying those motions. See Fed. R. App. P. 4(a)(4)(B)(ii).

Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). Under New Jersey products liability law, plaintiffs may plead design defect claims, manufacturing defect claims, or inadequate warning defect claims. See Zaza v. Marquess and Nell, Inc., 675 A.2d 620, 628 (N.J. 1996). Tucker tried to raise all three types of claims under New Jersey law, but she most clearly pleaded a design defect claim. To plead such a claim under New Jersey law, she must have stated that the "product was defective, that the defect existed when the product left the defendant's control, and that the defect caused injury to a reasonably foreseeable user." Zaza, 675 A.2d at 627 (quoting Feldman v. Lederle Labs, 479 A.2d 374, 384-85 (N.J. 1984)).

When the District Court dismissed Tucker's second amended complaint, it "acknowledge[d] that Plaintiff has attempted to organize her allegations into a more coherent manner, including numbered paragraphs. . . ." Tucker, 2016 WL 3034106, at *2. Reading Tucker's complaint liberally, several paragraphs qualify as a "short and plain statement of [her] claim" under Rule 8, and provide HP notice as to what type of claim she is asserting. For instance, in one paragraph, she stated that on March 6, 2014, she

4

"was using the Hewlett Packard . . . Pavilion dv7-4071nr Entertainment Notebook Serial # CNF020520N . . . keyboard" to type, that the computer was "powered by HP brand defective AC adapter, battery and cord Serial #213349," which "spontaneously excessively overheated and emitted electric shocks causing Plaintiff to sustain painful electric shocks, second and third degree thermal burns to both hands, . . . emotional distress, and mental anguish[.] " Dkt. # 29 at 7-8, ¶ 7. In another paragraph, Tucker contended that HP recalled the power cord for her computer model because it was found to be defective. Dkt. # 29 at 11-12, ¶ 18. Finally, she stated: "Defendant(s) was the manufacturer or seller of HP Pavilion dv7-407nr Entertainment Notebook . . . and defective cord products[,]" and "that the product causing the harm and personal injury was defective and dangerous" because it had a manufacturing defect, failed to adequately warn the user, and was defectively designed. Dkt. # 29 at 13, ¶ 21. We agree with the District Court that Tucker's pleadings are unnecessarily long and contain extraneous material. But, at bottom, Tucker alleged that her computer's power cord was defective, that the defect existed when the cord left HP's control, and that the defect caused injury to a reasonably foreseeable user - her. See Zaza, 675 A.2d at 627. This is sufficient for Rule 8 purposes. See Erickson, 551 U.S. at 93-94.[2]

---

[2] When using a dismissal as a sanction, a District Court is ordinarily required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The District Court here did not cite Poulis or fully consider its factors. See Livera v. First Nat. State Bank of N.J., 879 F.2d 1186, 1188 (3d Cir. 1989) (concluding that District Court abused its discretion when it failed to consider the Poulis factors). We need not conduct a Poulis analysis here, however, in light of our conclusion

Accordingly, we will vacate the District Court's judgment and remand for further proceedings on Tucker's products liability claim.[3]  We express no opinion on the merits of her claim, and our opinion does not preclude the defendant from raising any affirmative defenses that may be available.

that Tucker's amended complaints did, in fact, comply with Rule 8.

[3] While we conclude that Tucker's design defect allegations are sufficient for Rule 8 purposes, we express no opinion as to whether she has pleaded or can plead manufacturing defect or inadequate warning defect claims.