PS4-012                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3026
_____

LOUIS NEPTUNE,
                    Appellant

v.

ANDREW CAREY; MARCIA SILVA; LINDA LANG INFUSINO; DIANE PINCUS;
MIDDLESEX COUNTY PROSECUTORS OFFICE; ANDREW C. CAREY; PHIL
MURPHY; DEBRA VEZENIA; MILDRED SCOTT; COUNTY OF MIDDLESEX;
PLAINSBORO (BRANDON); RONALD RIOS, as an Individual and in Official
Capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:17-cv-12057)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 24, 2021
Before: MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 1, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Louis Neptune appeals from an order rejecting his second amended complaint, as well as the denial of his requests for reconsideration of that order and the denial of his motion for a change of venue. For the following reasons, we will affirm.

Neptune filed a complaint pursuant to 42 U.S.C. § 1983 (ECF 1), which he amended twice. (ECF 16, 34). The District Court refused to accept the second amended complaint, explaining that it was "subject to dismissal based on judicial/prosecutorial immunity; failure to sufficiently allege lack of probable cause for a malicious prosecution claim; or … otherwise frivolous."[1] (ECF 45, at 2 n.1.) Neptune repeatedly moved for reconsideration (ECF 50, 51, and 56), and filed a "Motion for Change of Venue." (ECF 60). On September 21, 2020, the District Court denied Neptune's requests for reconsideration, as well as his motion for a change of venue. (ECF 66 & 67.) Neptune appealed. (ECF 68.)

---

[1] The District Court also held that Neptune had failed to timely comply with its orders concerning the filing of an amended complaint and failed to provide sufficient reasons for his noncompliance. (ECF 45 & 46.) We need not consider whether the District Court should have engaged in the multi-factor balancing under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), before rejecting Neptune's second amended complaint, see Hamer v. Livanova Deutschland GMBH, 994 F.3d 173, 180 n.25 (3d Cir. 2021) (holding that the "District Court was required to undertake at least some consideration of the Poulis factors before dismissing [plaintiff's] claims" for failure to comply with a court order), because we conclude that remanding this matter to the District Court for consideration of the Poulis factors would be futile. In particular, as explained below, Neptune's second amended complaint failed to state a claim upon which relief can be granted.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2]  When, as here, a plaintiff proceeds in forma pauperis, a court may dismiss claims sua sponte if they fail to state a claim upon which relief may be granted and amendment would be inequitable or futile. See 28 U.S.C. § 1915(e)(2)(B)(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In his second amended complaint, Neptune alleged, in relevant part, that his constitutional rights were violated by Superior Court Judge Marcia Silva, the Middlesex County Prosecutor's Office (MCPO), and prosecutor Andrew Carey.  In particular, he claimed that those defendants participated in a conspiracy that involved, among other things, falsely charging him with forgery, "plant[ing]" an "altered document in [his] FD file," and "us[ing] [his] social security number to set up a fake mugshot with a felony conviction."  (ECF 34, at ¶ 58.)  According to Neptune, the defendants used the mugshot to get a wiretap warrant.  (Id.)  Neptune further claimed that Judge Silva used his "arrest to prevent [him] from com[ing] to family court to award me custody of my son" (id. at ¶ 14), and "then sent [his] custody file to Georgia to hide her crimes."  (Id. at ¶ 15.)

The District Court properly held that Neptune's second amended complaint failed to state a claim upon which relief can be granted because the claims against Judge Silva

---

[2] Because Neptune's first request for reconsideration was timely, we have jurisdiction over both the order rejecting his second amended complaint and the denial of his requests for reconsideration.  See Lizardo v. United States, 619 F.3d 273, 275 (3d Cir. 2010) (holding that the time for taking an appeal is tolled during the pendency of a timely post-judgment motion); Fed. R. App. P. 4(a)(4).

and Carey were barred by immunity. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Similarly, prosecutors are generally immune from liability for damages in actions brought pursuant to § 1983.[3] See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Neptune's claims against Judge Silva and Carey principally focused on actions that they took in their judicial and prosecutorial capacities. See Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (holding that judicial immunity extends to judicial officers, even if their actions were "'in error, w[ere] done maliciously, or w[ere] in excess of [their] authority,'" unless the officers acted in clear absence of all jurisdiction (quoting Azubuko, 443 F.3d at 303)). To the extent, if any, that Neptune alleged that Judge Silva acted in the absence of all jurisdiction or that Carey's actions were not "intimately associated with the judicial phase of the criminal process," Fogle v. Sokol, 957 F.3d 148, 159-61 (3d Cir. 2020), Neptune's claims were vague and conclusory. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further amendment of Neptune's complaint would be futile. See Grayson, 293 F.3d at 114.

---

[3] Neptune's claims against Carey are generally coextensive with his claims against the MCPO. But, to the extent that Neptune's claims against the MCPO are based on training and policy decisions which required legal knowledge and discretion, the MCPO is likewise immune from suit. See Van de Kamp v. Goldstein, 555 U.S. 335, 342-47 (2009).

4

In addition, the District Court did not abuse its discretion in denying Neptune's motions for reconsideration. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). In substantial part, those motions challenged the District Court's rejection of his second amended complaint on the ground that he repeatedly missed filing deadlines. We need not consider those challenges, however, because we are affirming on the alternative basis that Neptune failed to state a claim upon which relief can be granted. See note 1, *supra*. With respect to the District Court's assessment of the merits, Neptune did not set forth grounds for reconsideration, such as an intervening change in controlling law, new evidence, or a need to correct a clear error of fact or law or prevent manifest injustice. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

Finally, we conclude that the District Court's dismissal of Neptune's motion to change venue was not an abuse of discretion. In that motion, Neptune, who alleged that the District Court's "previous ruling was clearly unfair," claimed that he "will not get a fair opportunity to be heard if this claim remains in NJ." (ECF 60, at 1.) A District Court may transfer a civil action to another district in which the case could have been brought or to which the parties have consented "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); see also Reading Health Sys. v. Bear Stearns & Co., 900 F.3d 87, 96 n.37 (3d Cir. 2018). Neptune did not describe any inconvenience from litigation in the District of New Jersey, adequately explain why transfer would be in the interest of justice, or identify another district where the action might have been brought. See Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960) (stating

5

that "the power of a District Court under § 1404(a) to transfer an action to another district is made to depend … upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff"). Consequently, the District Court properly denied Neptune's motion to change venue.[4]

For the foregoing reasons, we will affirm the judgment of the District Court.[5]

---

[4] To the extent that Neptune alleged that the District Court Judge was biased, Neptune failed to show that a reasonable observer would conclude that the Judge's impartiality could reasonably be questioned. See In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

[5] Neptune's motion for oral argument and his motion to strike the appellees' brief are denied.