**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1866
_____

PRINYAH GODIAH P. PAYNE EL-BEY,
Appellant

v.

AMAZON, LLC; AMAZON Edison NJ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-14701)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2021
Before:  KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed: December 27, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Prinyah Godiah P. Payne El-Bey[1] appeals pro se from the District Court's order denying her motion to vacate an earlier order dismissing her case for failure to state a claim. We will vacate the order denying the motion to vacate and remand for further proceedings.

I.

Payne El-Bey brought a complaint asserting civil rights violations and employment discrimination against Amazon, LLC and related entities. She raised claims alleging failure to hire, wrongful termination, failure to accommodate a disability, and discrimination based on race, color, gender/sex, and disability. The claims did not provide much detail and, on November 10, 2020, the District Court sua sponte dismissed the complaint for failure to state a claim under Rule 12(b)(6). The District Court allowed Payne El-Bey to file an amended complaint within 30 days. Payne El-Bey did not do so, and the District Court administratively closed the case on December 31, 2020.

On April 15, 2021, Payne El-Bey filed a letter requesting additional time to amend the complaint. In her letter, Payne El-Bey stated that she had called the court for information on multiple occasions, had not received the dismissal order until February, and asserted that her post office had mail delays because of the Covid-19 pandemic. On April 20, 2021, the District Court construed the filing as a motion for reconsideration of the November 10, 2020 order and denied it as untimely. The District Court noted that

---

[1] Also identified as "Queen Prinyah Godiah NMIAA Payne's El-Bey" and "Queen'Prinyah Godiah Nefertit's Ma'at Imin Amon Amun (MIAA) Payne's El-Bey"

Payne El-Bey provided no justification for waiting more than two months after she finally received the dismissal order to file her motion. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court's underlying dismissal order is not before this Court at this time. Payne El-Bey did not appeal directly from the dismissal order and, to the extent that she seeks review of the order summarily dismissing her complaint, her notice of appeal was not timely filed.[2]

However, we do have jurisdiction over the order denying Payne El-Bey's motion for reconsideration. See Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 367 (3d Cir. 2013); Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). We review the denial of a motion for reconsideration for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (Rule 60(b) motions); Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (Rule 59(e) motions). A district court abuses its discretion when its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999). We construe Payne El-Bey's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

---

[2] A notice of appeal must be filed within 30 days of the order that the party seeks to appeal. Fed. R. App. P. 4(a)(1). The District Court entered its order dismissing the complaint on November 10, 2020. Payne El-Bey filed her notice of appeal on April 29, 2021—more than 30 days after the District Court's order dismissing her complaint—and we therefore lack jurisdiction over that order. See Bowles v. Russell, 551 U.S. 205, 214 (2007). Appellant's motion to reconsider did not toll the time to appeal because it was not filed within 28 days of the dismissal order. See Fed. R. App. P. 4(a)(4)(A)(iv) & (vi); Lizardo v. United States, 619 F.3d 273, 278 (3d Cir. 2010).

III.

We agree with the District Court's determination that Payne El-Bey's filing was properly treated as a motion for reconsideration. As the District Court noted, the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration. However, the District Court erred in not considering Payne El-Bey's motion as being filed under Rule 60(b), based on the relief she requested and the filing date.[3] See Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013).

Rule 60(b) provides for relief from a judgment or order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment. Payne El-Bey's motion appears to have raised excusable neglect as a basis for relief from the District Court's dismissal order. The assessment of whether a party's "neglect is 'excusable is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" George Harms Constr. Co.

---

[3] Payne El-Bey's motion for reconsideration did not include a draft amended complaint or otherwise address the complaint's deficiencies. Although this is generally required to accompany a motion to reconsider, see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007), "[a] document filed pro se is to be liberally construed." Erickson, 551 U.S. at 94. And a pro se pleading "will be judged by its substance rather than according to its form or label." Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (citation omitted). Payne El-Bey's filing could not be treated as a timely motion under Federal Rules of Civil Procedure 59(e) because it was filed more than 28 days after the November order. See Fed. R. Civ. P. 59(e).

4

v. Chao, 371 F.3d 156, 163 (3d Cir. 2004) (quoting Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995)). When assessing a Rule 60(b)(1) motion that invokes excusable neglect as a ground for relief, the district court must consider "'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 182 (3d Cir. 2000) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

We have imposed a "duty of explanation" on district courts examining a Rule 60(b)(1) excusable neglect motion, meaning they must "entertain[] an analysis of the [Pioneer] factors." Id. District courts must therefore review the Pioneer factors and memorialize their analysis; when they fail to do so, the Court may remand for them to articulate their reasoning. Id.

Here, the District Court determined that Payne El-Bey's motion was untimely based on that court's local rules governing motions to reconsider. This determination overlooked that an excusable neglect motion under Rule 60(b) is timely if filed within a year of the decision it seeks relief from. See Fed. R. Civ. P. 60(c). The District Court also did not evaluate the additional factors required to evaluate an excusable neglect motion to reopen. Additionally, we observe that Payne El-Bey has now alleged additional facts supporting her complaint. Although we will not consider the supplemented claims for the first time on appeal, see Harris v. City of Phila., 35 F.3d 840,

5

845 (3d Cir. 1994), we note that the allegations might undermine the basis for the futility analysis in the District Court's opinion dismissing the complaint.

Under these circumstances, we cannot conclude that the District Court's decision was a proper exercise of its discretion. Consequently, we will vacate the judgment and remand for the District Court to apply the <u>Pioneer</u> factors in the first instance, and to otherwise conduct further proceedings consistent with this opinion.[4]

---

[4] Payne El-Bey has filed a motion to seal the appendix filed with her brief. While there is a strong presumption of public access to judicial records, the materials include medical records and other personal documents that constitute "the kind of information that courts will protect." <u>See</u> <u>In re Cendant Corp.</u>, 260 F.3d 183, 194 (3d Cir. 2001). Payne El Bey's motion to file her appendix materials under seal, 3d Cir. ECF No. 9, is granted as follows: these materials shall be sealed for 25 years.