**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1608

_____

KIM DAVIS,

Appellant

v.

GENE R. MARIANO, ESQ.;
NEW PENN FINANCIAL LLC, d/b/a Shellpoint Mortgage Servicing;
STATE OF NEW JERSEY COURTS;
STATE OF NEW JERSEY OCEAN COUNTY SHERIFF'S DEPARTMENT;
BANK OF AMERICA, N.A.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-13515)
District Judge: Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2023

Before: AMBRO[**], KRAUSE, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: February 21, 2023)

_____

OPINION[*]

_____

---

[**] Judge Ambro assumed senior status on February 6, 2023.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Kim Davis appeals pro se from an order of the District Court denying her motion for reconsideration under Federal Rules of Civil Procedure 59 and 60 of orders dismissing her complaint and denying her motion for leave to amend. For the following reasons, we will affirm the District Court's judgment.

I.

In 2016, Bank of America, N.A. ("Bank of America") filed an action against Davis, seeking to foreclose on her mortgaged New Jersey home. In 2018, the New Jersey Superior Court, Chancery Division entered a final judgment of foreclosure against Davis and issued a writ of execution directing the Ocean County Sheriff's Department ("Sheriff's Department") to sell Davis's property at a Sheriff's Sale. Davis filed a series of unsuccessful appeals in state court.

On June 6, 2019, Davis initiated this case in the District Court by filing a complaint against Bank of America and its attorney, Gene Mariano, as well as the Sheriff's Department, Davis's mortgage servicer, and the New Jersey Judiciary. The complaint alleged that the defendants had committed several consumer protection, due process, and common law violations. The defendants moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. On May 27, 2020, the District Court granted the motions to dismiss and entered an order dismissing the complaint. The District Court ruled that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine, and that even if that doctrine did

not apply, Davis had failed to state a claim.  It also noted that res judicata appeared to bar her claims.

Thirty days later, on June 26, 2020, Davis filed a motion to amend her complaint under Federal Rule of Civil Procedure 15 seeking to add, among other things, a claim under the Truth in Lending Act ("TILA").  A Magistrate Judge denied the motion on March 26, 2021, concluding that Davis still had not stated a claim for relief and that her TILA claim was time-barred.  Then, on April 22, 2021, Davis filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to reconsider the court's order denying her motion to amend, and for Rule 60 relief from the court's order dismissing her complaint.  The District Court noted that Davis's filing was untimely to the extent that she sought reconsideration of the dismissal order under Rule 59(e).  It ruled that relief was not warranted under Rule 60 insofar as she argued that it had erred in dismissing her complaint under the Rooker-Feldman doctrine.[1]  The District Court further ruled that, to the extent her filing could be deemed an appeal of the Magistrate Judge's order denying leave to amend, the appeal lacked merit.  Davis appealed.

II.

We have jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291, but the scope of our review is limited.  A notice of appeal in a civil case in which the United States is not a party must be filed within 30 days of the entry of the order or judgment being appealed.  See Fed. R. App. P. 4(a)(1)(A); see also Bowles v. Russell, 551 U.S.

---

[1] The District Court did not address Davis's other challenges to the dismissal order because its ruling that it lacked subject matter jurisdiction was case dispositive.

3

205, 214 (2007) (stating that this time limit is mandatory and jurisdictional). The District Court entered its order dismissing the complaint on May 27, 2020, and Davis filed this appeal far beyond the applicable 30-day window. While the filing of certain motions can toll the time to file an appeal, Davis did not timely file such a motion. See Fed. R. App. P. 4(a)(4)(A). The notice of appeal is, however, timely as to the District Court's order denying the motion to reconsider. We therefore have jurisdiction over Davis's appeal from that order, which we review for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

III.

To the extent that Davis challenges the District Court's decision dismissing her complaint, that decision is, as noted above, beyond the scope of our review. As to the denial of her motion for reconsideration, Davis contends that the District Court erred insofar as it failed to recognize that she was alleging fraud on the part of the opposing parties. She appears to make two arguments. First, she argues that relief was due under Rule 60(b) because the District Court erred in dismissing her complaint without considering whether an exception to the Rooker-Feldman doctrine applied based on fraud in the state court action. To the extent that Davis adequately raised that contention in her motion below, it did not warrant relief under Rule 60(b) because it alleged a legal error that could have been raised on appeal. See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (explaining that "a Rule 60(b) motion may not be used as a substitute for appeal"), overruled on other grounds by Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir.

4

2010). Davis's motion also failed to allege any "extraordinary circumstances" justifying relief under Rule 60(b)(6). See Budget Blinds, 536 F.3d at 255.

Davis next appears to argue that she was entitled to Rule 60(b) relief based on fraud in the District Court proceedings. See Fed. R. Civ. P. 60(b)(3). But her motion failed to present clear and convincing evidence that "the adverse part[ies] engaged in fraud or other misconduct, and that this conduct prevented [her] from fully and fairly presenting [her] case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983); see Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960). Rather, her factual allegations in support of that claim are based only on assertions and legal arguments made in the defendants' motions to dismiss. The District Court stated that it had already considered Davis's opposition to such arguments, and thus her claims purporting to allege fraud in the District Court were insufficient to warrant Rule 60(b) relief.

To the extent that Davis contends that the District Court committed other legal errors in dismissing her complaint, such errors similarly do not warrant Rule 60(b) relief because they could have been raised on appeal. And to the extent that Davis challenges the denial of the motion to amend her complaint in order to add a claim of a conspiracy to deny her constitutional rights, she has not shown that relief was warranted given that her related constitutional claim was dismissed for lack of subject matter jurisdiction. She has also forfeited any challenge to the ruling that her TILA claim is time-barred by failing to raise such in her opening brief. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017).

We will accordingly affirm the District Court's order denying the motion for reconsideration.