CLD-098                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-3078 & 22-3208
_____

OMAR S. FOLK,
                                    Appellant

v.

BUREAU OF PRISONS, Employees and Medical Staff; PA-C SAMUEL  GOSA;
ELIZABETH  SANTOS/STAHL, Clinical Director; DR. ROBERT E. PUCELL; JOHN
T. BURN; BRIAN BUSCHMAN; D. PARKER; M. MAGYAR; R. PARKYN; C.
SMITH; JENNIFER HOLTZ-APPLE; DAVID J. BALL; PA-C ZALNO; CO.
GENTZYEL;  R&D FAUSEY; M. WASHINGTON; L. HUNTER; J. POTOPE; T.
GREELY; T. ANDRESS; T. CULLEN; J. MARIS; A. RODERMEL; A. DEWALT; C.
CRAIG; NICK MAIZE; C. ERICKSON; E. STAHL; J. WALKER; C. CAIN; J.
FREYNIK; D. NICOLLETTE; T. THOMAS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 3:18-cv-02252)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 2, 2023
Before:  GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: March 25, 2023)

_____

OPINION[*]

_____

PER CURIAM

Omar Sierre Folk appeals from two orders of the District Court denying his post-judgment motions. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2018, Folk brought a civil rights action in the District Court regarding his medical care in prison. In 2021, the District Court dismissed his complaint. After Folk appealed, we affirmed the District Court's judgment, and Folk's subsequent petition for a writ of certiorari was denied. See Folk v. Bureau of Prisons, No. 21-1543, 2021 WL 3521143, at *1 (3d Cir. Aug. 11, 2021), cert. denied, 143 S. Ct. 133 (2022).

Folk then returned to the District Court. He filed a motion seeking reconsideration of the denial of a prior motion he filed to amend his complaint, as well as a motion for leave to file a certificate of merit regarding his claim of professional negligence. The District Court denied both motions, noting that Folk's appeal had concluded and that he presented no argument to support reopening the case. Folk then filed another motion for

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

leave to file a certificate of merit, which was denied.  Folk has appealed both decisions.[1]

The District Court properly concluded that Folk's motions did not present an appropriate basis for reopening his case.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Folk had an opportunity to make arguments about his underlying factual allegations throughout District Court proceedings and on appeal, and he has made arguments regarding filing a certificate of merit since early on in the District Court litigation.  Cf. Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (explaining that motions for reconsideration "may not be used as a substitute for appeal"), overruled on other grounds by Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir. 2010).

Accordingly, we will summarily affirm the District Court's orders.[2]

---

[1]  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We may summarily affirm a district court's decision if an appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

[2]  Folk's pending motions are denied.