NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1936
_____

OMAR SIERRE FOLK,

Appellant

v.

WARDEN SCHUYLKILL FCI

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:21-cv-01986)
District Judge: Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on September 21, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: October 11, 2023)

_____
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Omar Folk, a federal inmate proceeding pro se and in forma pauperis, appeals from the District Court's denial of his post-judgment motion. For the following reasons, we will summarily affirm.

In November 2021, Folk filed a petition in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241, arguing that he was deprived of his right to due process when he was sanctioned with a disciplinary violation which resulted in the loss of 27 days of good-time credits. In October 2022, the District Court found that Folk was afforded all of his procedural protections and denied his petition. Folk did not appeal. Instead, three months later, Folk filed a post-judgment motion under Fed. R. Civ. P. 60(b)(1). The District Court denied that motion.[1] Folk timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order denying Folk's Rule 60(b) motion for an abuse of discretion. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).[2] We may summarily affirm if an appeal fails to

---

[1] The District Court treated Folk's post-judgment motion as a motion for reconsideration filed under Fed. R. Civ. P. 59(e) and denied it on the merits. See ECF No. 28. But a Rule 59(e) motion must be filed within 28 days after entry of judgment. See Fed. R. Civ. P. 59(e). The District Court thus should have denied the Rule 59(e) motion on timeliness grounds. In any event, because Folk's post-judgment motion specifically cites Fed. R. Civ. P. 60(b)(1) and refers to mistakes, his motion is best construed as arising under Rule 60(b). See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (noting that pro se filings must be liberally construed); see also Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (noting that pro se filings are judged based on substance rather than form). So construed, Folk's Rule 60(b) motion was timely filed in the District Court. See Fed. R. Civ. P. 60(c)(1).

[2] Because Folk's notice of appeal is timely only as to the District Court's order denying his Rule 60(b) motion, our jurisdiction encompasses solely that order. We lack

present a substantial question and may do so on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Under Rule 60(b)(1), a party may seek relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." In his Rule 60(b) motion, Folk reiterated the claims raised in his § 2241 petition and described the District Court's denial order as "mind-blowing," unjust, and legally flawed. ECF No. 26 at 4-5. Folk, however, did not specifically identify any mistake or other basis on which Rule 60(b) relief could have been granted. To the extent that Folk sought to use the Rule 60(b) motion as a substitute for an appeal, that was an inadequate basis for relief, too. See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) ("a Rule 60(b) motion may not be used as a substitute for appeal"), overruled on other grounds by Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir. 2010). Accordingly, the District Court did not abuse its discretion in denying Folk's motion.

Folk's appeal presents no substantial question, and we will summarily affirm the District Court's judgment. 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. We deny Folk's motion for a briefing schedule or to remand this action to the District Court. See C.A. No. 9.

---

jurisdiction over the underlying order denying Folk's petition. See Fed. R. App. P. 4(a)(1)(B) (setting a 60-day time limit for filing a notice of appeal when one party is a United States agency, officer, or employee); Bowles v. Russell, 551 U.S. 205, 214 (2007).

3